IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shay Lamont Allen, | C/A No.: 1:14-4126-JMC-SVH |
| Plaintiff, | |
| vs. | |
| Janet Singleton, Head Nurse; Jeffrey Lucas, Correctional Officer; and Maj Allen, | |
| Defendants. | REPORT AND RECOMMENDATION |
| _____ | |
| Jeffrey Lucas, Correctional Officer; Maj Allen, | |
| Third-Party Plaintiffs, | |
| vs. | |
| Southern Health Partners, Inc., and ABL Management, Inc., | |
| Third-Party Defendants. | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Defendants filed motions for summary judgment against Plaintiff on May 5, 2015. [ECF Nos. 46, 48]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on May 6, 2015, advising him of the importance of the motions for summary judgment and of the need for him to file adequate responses.

1

[ECF No. 50]. Plaintiff was specifically advised that if he failed to respond adequately, Defendants' motions may be granted. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff has failed to respond Defendants' motions.

On June 23, 2015, the court ordered Plaintiff to advise whether he wished to continue with the case by July 7, 2015. [ECF No. 54]. Plaintiff has filed no response. As such, it appears to the court that he does not oppose the motion and wishes to abandon this action. Based on the foregoing, the undersigned recommends this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).[1]

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 14, 2015　　　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] Because the claims asserted in Lucas and Allen's third-party complaints are for indemnification only, the undersigned recommends the third-party complaints be dismissed if Plaintiff's claims are dismissed.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).