# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

|  |  |
|---|---|
| Shay Lamont Allen, ) | |
| ) | Civil Action No. 1:14-cv-04126-JMC |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Janet Singleton, Head Nurse; Jeffrey ) | |
| Lucas, Correctional Officer; and Maj ) | |
| Allen, ) | |
| Defendants. ) | |
| Jeffrey Lucas, Correctional Officer; Maj ) | |
| Allen, ) | |
| Third-Party Plaintiffs, ) | |
| v. ) | |
| Southern Health Partners, Inc., and ) | |
| ABL Management, Inc., ) | |
| Third-Party Defendants. ) | |

This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report"), filed on July 14, 2015, recommending that Plaintiff's Complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 be dismissed with prejudice for failure to prosecute. (ECF No. 56 (indicating that Plaintiff has failed to respond to Defendants' Motions for Summary Judgment).) The Report sets forth the relevant facts and legal standards which this court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The

responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

None of the parties have filed objections to the Report.

In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough and careful review of the record, the court finds that the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case.  The court **ACCEPTS** the Magistrate Judge's Report (ECF No. 56).  For the reasons set out in the Report, Plaintiff's Complaint is dismissed with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 5, 2015
Aiken, South Carolina